1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
7

8  STEVE VASQUEZ,                 )
                                  )   No. CV-08-078-CI
9           Plaintiff,            )
                                  )   ORDER GRANTING PLAINTIFF'S
10 v.                             )   MOTION FOR SUMMARY JUDGMENT
                                  )   AND REMANDING FOR ADDITIONAL
11 MICHAEL J. ASTRUE,             )   PROCEEDINGS PURSUANT TO
   Commissioner of Social         )   SENTENCE FOUR 42 U.S.C. §
12 Security,                      )   405(g)
                                  )
13          Defendant.            )
                                  )
14 _____  )
                                  )

15      BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.

16 19, 21.)  Attorney Maureen J. Rosette represents Plaintiff; Special

17 Assistant United States Attorney Thomas M. Elsberry represents

18 Defendant.  The parties have consented to proceed before a magistrate

19 judge.  (Ct. Rec. 7.)  After reviewing the administrative record and

20 briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for

21 Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and

22 remands the matter to the Commissioner for additional proceedings.

23                             **JURISDICTION**

24      Plaintiff Steve Vasquez (Plaintiff) protectively filed for

25 Supplemental Security Income on May 26, 2005, and for Disability

26 Insurance Benefits (DIB) on June 13, 2005.  (Tr. 378, 48.)  Plaintiff

27 alleged an onset date of June 1, 2004.  (Tr. 378, 34.)  Benefits were

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 1

denied initially and on reconsideration. (Tr. 30, 34, 370, 374.)
Plaintiff requested a hearing before an administrative law judge
(ALJ), which was held before ALJ Richard Say on May 30, 2007. (Tr.
390-409.) Plaintiff was represented by counsel and testified at the
hearing. (Tr. 394-404.) Vocational expert Deborah LaPoint testified.
(Tr. 404-08.) At the hearing, Plaintiff's counsel indicated that
Plaintiff was seeking a closed period of disability from June 1, 2004,
to the date of the hearing. (Tr. 393.) The ALJ denied benefits (Tr.
12-22) and the Appeals Council denied review. (Tr. 5.) The instant
matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing
transcripts, the ALJ's decision, and the briefs of Plaintiff and the
Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 52 years old. (Tr.
394.) Plaintiff is a high school graduate. (Tr. 394.) Plaintiff's
past work experience is as an electrician. (Tr. 55.) Plaintiff
testified that in June 2004, his liver shut down, he turned yellow and
ashen-faced and started deteriorating. (Tr. 395.) He has trouble
with liver disease, cirrhosis and hypertension which prevented him
from working. (Tr. 395.) Plaintiff testified he had been a heavy
drinker, but he went to alcohol treatment after he got sick. (Tr.
396.) During his period of alleged disability, Plaintiff testified he
had pain, could not drive or stay in any position for very long and
his muscles deteriorated. (Tr. 399-400.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 2

Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 4

engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual

functional capacity and age, education and past work experience.   20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482
U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish
a *prima facie* case of entitlement to disability benefits.   *Rhinehart
v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d
1111, 1113 (9th Cir. 1999).   The initial burden is met once the
claimant establishes that a physical or mental impairment prevents him
from engaging in his or her previous occupation.   The burden then
shifts, at step five, to the Commissioner to show that (1) the
claimant can perform other substantial gainful activity, and (2) a
"significant number of jobs exist in the national economy" which the
claimant can perform.   *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.
1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found
Plaintiff has not engaged in substantial gainful activity since June
1, 2004, the alleged onset date.   (Tr. 14.)   At steps two and three,
he found Plaintiff has the severe impairment of cirrhosis of the
liver, but the impairment does not meet or medically equal one of the
listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations
No. 4 (Listings).   (Tr. 14, 17.) The ALJ then determined "[C]laimant
has the residual functional capacity to perform light exertion level
activities. He can frequently engage in crawling, kneeling, balancing,
and climbing ramps or stairs.   He can occasionally engage in stooping
or crouching." (Tr. 17-18.) At step four, the ALJ found Plaintiff is
unable to perform any past relevant work.   (Tr. 20.)   Based on

vocational expert testimony and the Plaintiff's age, education, work
experience and residual functional capacity, the ALJ concluded
Plaintiff has acquired work skills from past relevant work that are
transferable to other occupations with jobs existing in significant
numbers in the national economy. (Tr. 20-21.)   As such, the ALJ
found Plaintiff was not under a disability as defined in the Social
Security Act from June 1, 2004, through May 30, 2007, the closed
period of disability. (Tr. 22.)

**ISSUES**

The question is whether the ALJ's decision is supported by
substantial evidence and free of legal error. Specifically, Plaintiff
argues the ALJ erred by not determining that Plaintiff has a listed
impairment and by failing to properly consider the medical evidence.
(Ct. Rec. 20 at 10-11.) Defendant argues the ALJ properly evaluated
the opinion evidence and the record does not support the finding of a
listed impairment. (Ct. Rec. 22 at 5, 9.)

**DISCUSSION**

Plaintiff argues the opinions of John Watts, PA-C, and Rasan
Spraggins, PA-C, should be credited because the ALJ failed to properly
reject them. (Ct. Rec. 20 at 10.)   The ALJ must consider the opinions
of acceptable medical sources about the nature and severity of the
Plaintiff's impairments and limitations.   20 C.F.R. §§ 404.1527,
416.927; S.S.R. 96-2p; S.S.R. 96-6p.   Acceptable medical sources
include licensed physicians and psychologists.[1]   20 C.F.R. §§

---

[1]Acceptable medical sources also include licensed podiatrists and
optometrists and qualified speech-language pathologists, in their

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 7

404.1513(a), 416.913(a).   The ALJ may also consider evidence from "other sources" regarding the severity of an impairment and how it affects the ability to work.   "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.   20 C.F.R. §§ 404.1513(d), 416.913(d).

The opinion of an acceptable medical source is given more weight than that of an "other source."   20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).   However, the ALJ must "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."   *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).   The ALJ is obligated to give reasons "germane" to lay witness testimony before discounting it.   *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).   John Watts and Rasan Spraggins are physician assistants and are "other sources" or lay witnesses.   The ALJ was therefore required to provide germane reasons for discounting their opinions.

Plaintiff saw physician assistant John Watts on December 10, 2004.   (Tr. 134-136.)   Mr. Watts diagnosed ascites, alcohol abuse, hypertension and rectal bleeding.   (Tr. 15, 135.)   He completed a DSHS Physical Evaluation form and assessed severe limitations in the ability to sit, walk, lift and carry due to ascites, and severe limitations in communicating and understanding or following directions due to alcohol abuse.   (Tr. 139.)   Mr. Watts indicated that

respective areas of specialty only.   20 C.F.R. §§ 404.1513(a), 416.913.(a).

Plaintiff's ability to crouch, kneel, pull, push and sit were restricted due to his greatly enlarged abdomen and opined that Plaintiff's overall work level was severely limited. (Tr. 15, 139.)

Plaintiff argues Mr. Watts' opinion should be credited. (Ct. Rec. 20 at 10.) However, as Plaintiff also points out, the ALJ did not reject Mr. Watts' opinion. (Ct. Rec. 20 at 9.) The ALJ noted Mr. Watts' December 2004 opinion that claimant was severely limited due to his greatly enlarged abdomen. (Tr. 19.) The context of the ALJ's note about Mr. Watts' opinion suggests the ALJ accepted the assessment because Plaintiff was hospitalized shortly thereafter. (Tr. 19.) The court may make reasonable inferences from the ALJ's discussion of the evidence. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The opinion need not be credited because the ALJ did not reject it.

Plaintiff's argument is unclear, but Plaintiff implies the court should accept Mr. Watts' estimate that the limitation on work activities would continue for 12 months as evidence that Plaintiff's limitations met the 12 month duration requirement. (Ct. Rec. 20 at 9.) This argument is unpersuasive. 20 C.F.R. § 416.909 requires a showing that, unless the impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. Plaintiff bears the burden of establishing he met the duration requirement. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). It is not proper to rely on an estimate that the Plaintiff might be disabled for the required duration when actual evidence regarding the period in question is available in the record.

Furthermore, the estimate given by Mr. Watts was modified by the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 9

phrase "without medical treatment." (Tr. 140.) The record reflects that Mr. Vasquez received medical treatment for his condition (Tr. 151-246) and improved, at least for a period of time. (Tr. 158, 257.)

On December 19, 2005, Plaintiff was evaluated by physician assistant Rasan Spraggins. (Tr. 269-75.) Ms. Spraggins diagnosed ascites, alcoholic cirrhosis of the liver and a benign nevus. (Tr. 274.) Severe limitations were assessed in sitting, standing, walking, lifting, handling and carrying due to ascites and cirrhosis. (Tr. 271.) She also indicated Plaintiff had restricted mobility in bending, crouching, handling, kneeling, pulling and pushing due to the size of Plaintiff's abdomen. (Tr. 271.) Ms. Spraggins opined that Plaintiff's work level was severely limited. (Tr. 271.)

Plaintiff argues the ALJ improperly rejected Ms. Spraggins' December 2005 opinion. (Ct. Rec. 20 at 9-10.) The ALJ provided four reasons for discounting the opinion. (Tr. 20.) As an "other source" or lay witness opinion, Ms. Spraggins' assessment may be discounted by the ALJ for reasons "germane" to that report. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The first reason given by the ALJ is although Ms. Spraggins reported in December 2005 that Plaintiff "continued to be severely limited by the size of his abdomen," medical records indicated Plaintiff had no pain complaints or mention of abdominal problems by June 2005. (Tr. 20.) The ALJ is correct that June 29, 2005, office visit notes state Plaintiff reported no pain and there is no specific mention of abdominal problems. (Tr. 255.) However, by November 16, 2005, office notes indicate Plaintiff was again experiencing chronic abdominal pain. (Tr. 347.) Ms. Spraggins assessment of Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) – 10

condition was dated December 19, 2005, nearly 6 months after Plaintiff reported having no pain. (Tr. 269-75.) The record indicates Plaintiff's condition improved by June 2005 and worsened again by December 2005. Furthermore, Ms. Spraggins did not state Plaintiff "continued" to be limited from June 2005 to December 2005 or over any other period of time. Thus, the June 2005 report of no pain is not a legitimate or germane reason for rejecting Ms. Spraggins' December 2005 opinion.

The second reason mentioned by the ALJ for discounting Mr. Spraggins' report is that in November 2005, "the claimant admitted to drinking and not taking his medications and his abdomen had become distended again." (Tr. 20.) On November 16, 2005, Plaintiff admitted to "a couple of drinks of alcohol" during a follow up appointment and stated he forgot to take his medication the previous evening. (Tr. 346.) However, this reason is not germane to Ms. Spraggins' report. The evidence cited by the ALJ may be relevant to the role alcohol abuse plays in Plaintiff's condition,[2] but it does not undermine Ms.

---

[2]The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. 20 C.F.R. §§ 404.1535(a), 416.935(a). If the ALJ finds the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*. Only when the ALJ finds the claimant disabled and there is evidence of substance addiction should the ALJ proceed under the sequential evaluation and 20 C.F.R. § 404.1535 or § 416.935 to determine if the claimant would still be disabled absent the substance addiction.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 11

Spraggins' opinion of the severity of Plaintiff's limitations in December 2005. Thus, this is an improper reason for rejecting Ms. Spraggins' report.

The third reason given by the ALJ for rejecting Ms. Spraggins' report is that Ms. Spraggins is not an acceptable medical source. (Tr. 20.) An "other source" opinion is by definition not the opinion of an acceptable medical source. Pursuant to *Sprague* and *Dodrill*, the ALJ is required to consider evidence supplied by lay witnesses. Thus, the fact that Ms. Spraggins is not a physician is not a legitimate reason for discounting her opinion.[3]

---

*Bustamante*, 262 F.3d 949, 955 (9th Cir. 2001). If a claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

[3]Plaintiff relies on *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) and asserts that "a nurse practioner, working in conjunction with a physician, constitutes an acceptable medical source, while a nurse practitioner working on his or her own does not." (Ct. Rec. 20 at 10.) Plaintiff also states Ms. Spraggins' opinion "was signed off by a superior who is believed to be a doctor" and the clinic at which Ms. Spraggins works has many physician assistants, "but there are also doctors who supervise them." (Ct. Rec. 20 at 10.) As noted by Defendant, the subsection of the regulation which was the basis of the *Gomez* finding regarding nurse practitioners as acceptable medical sources when part of an interdisciplinary team was deleted by

The fourth reason given by the ALJ is that Ms. Spraggins' opinion is not well supported by clinical and laboratory diagnostic techniques. However, Ms. Spraggins noted, "[Patient] is limited [due to] size of abdomen." (Tr. 271.) When asked to describe signs or proof of assessed limits, Ms. Spraggins referenced her abdominal exam notes. (Tr. 270.) The physical exam notes indicate, "fluid wave present, unable to palpate liver or spleen d/t [due to] size of abdomen." (Tr. 274.) Additional diagnostic tests were not necessary to observe the size of Plaintiff's abdomen was limiting. Ms. Spraggins also mentioned and attached a general health panel and an acute hepatitis panel as the basis for her opinion. (Tr. 270, 276-81.) Furthermore, Ms. Spraggins noted medical records were available from the VA for "numerous other test [sic] he's had in the past year." (Tr. 270.) Thus, the ALJ's general assertion that Ms. Spraggins' opinion is not supported by medical evidence is not supported by

---

amendment in 2000. 65 Fed. Reg. 34950, 34952 (June 1, 2000). Under current regulations, physician assistants qualify only as an "other source" to be considered. 20 C.F.R. §§ 404.1513(d), 416.913(d). There is no provision for a physician assistant to become an acceptable medical source when supervised by a physician or as part of an interdisciplinary team. *Id.* Plaintiff's additional argument asserting that Ms. Spraggins opinion was "signed off by an acceptable medical source," (Ct. Rec. 20 at 10, 23 at 2) is not supported by the record as there is no evidence that the signature or initial at the bottom of Ms. Spraggins' report was made by a physician. (Tr. 272.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 13

substantial evidence and does not constitute a germane reason for rejecting the report.

Finally, the ALJ cited 20 C.F.R. 404 1527(e)(1) and 416.927(e)(1) and stated, "A statement by a medical source that a claimant is 'disabled' or 'unable to work' does not mean that the Administration will determine that a claimant is disabled." (Tr. 20.)  While the ALJ correctly cites the regulations, this does not relieve the ALJ from the obligation of citing reasons supported by substantial evidence for rejecting a physician's assistant's opinions.  Here, the ALJ failed to provide an acceptable, germane reason supported by substantial evidence for rejecting the opinion of Ms. Spraggins.

Plaintiff, without citing authority, urges the court to credit the opinion of Ms. Spraggins and find Plaintiff disabled.   When an ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the general rule is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).  However, the court finds no authority for such a remedy when the opinion of an "other source" or lay witness is improperly rejected.  Thus, the appropriate remedy is remand for proper consideration of Ms. Spraggins' opinion.

On remand, the ALJ should reassess the opinion of Ms. Spraggins. Because the only significant opinions with respect to the severity of Plaintiff's condition are not acceptable medical sources, the ALJ may find it helpful to obtain the opinion of a medical expert as to Plaintiff's limitations during the closed period.  If the outcome

changes and the ALJ finds Plaintiff was disabled, the record suggests that alcohol may have been a contributing factor material to the disability.  If appropriate, the ALJ should make the analysis required by *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

It is also noted that Plaintiff argues his impairment meets the requirements of listing 5.05F(1) for chronic liver disease. (Ct. Rec. 20 at 11.)  As Defendant points out, at the time of the ALJ's decision, listing 5.05F(1) required confirmation of chronic liver disease by biopsy, as well as one of three additional listed criteria.[4] 20 C.F.R. Pt. 404, Subpt. P, App. 1, 5.05F(1) (2007).  A claimant's impairment is not a listed impairment solely because it has been diagnosed as a listed impairment; the criteria shown in the listing of that impairment must also be present.  20 C.F.R. § 404.1525(d).  *See*

---

[4]In addition to confirmation of chronic liver disease by liver biopsy, a claimant must also have one of the following to meet the Listing 5.05F(1): (1) ascites not attributable to other causes, recurrent or persisting for at least 3 months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm. Per deciliter (100 ml) or less; (2) serum bilirubin of 2.5 mg. Per deciliter (100 ml) or greater on repeated examinations for at least three months; or (3) hepatic cell nectrosis or inflammation, persisting for at least 3 months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction. Plaintiff asserts he qualifies under the ascites criteria, although the record suggests his ascites may be attributable to another cause, alcoholism.  (Ct. Rec. 20 at 11; Tr. 151, 153.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 15

*also Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990).  The record does not include results of a liver biopsy and therefore Plaintiff does not meet the first criteria necessary for a Listing under 5.05F(1).

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.  On remand, the ALJ shall properly consider the opinion of physician assistant Rasan Spraggins.  The ALJ may find the assistance of a medical expert helpful in evaluating the medical evidence and, if appropriate, should conduct an analysis pursuant to *Bustamante*.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 19)** is **GRANTED.**  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **DENIED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED April 3, 2009.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE


ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 16